OPINION OF THE COURT
Memorandum.
Order unanimously reversed and complaint pursuant to Agriculture and Markets Law § 121 dismissed.
On January 19, 1995, defendant’s two pit bull terriers, Jasmine and Thor, accidentally escaped from defendant’s home. The two dogs approached the end of the property and came upon the complainant walking her eight-month-old *132 poodle. As Jasmine became involved in an altercation with the complainant’s poodle, Thor remained to the side of the incident, and did not exhibit any aggressive behavior.
The testimony adduced at the dangerous dog hearing indicated that Jasmine caused significant injury to the complainant’s poodle, but did not attack any person. Nevertheless, the town seized both dogs, and filed a dangerous dog complaint against both Jasmine and Thor. The court below found that the dogs were dangerous and ordered their destruction.
On appeal, defendant contends, inter alla, that only one of his dogs was actually involved in any aggressive behavior. Moreover, defendant maintains that one dog attacking another dog is not conduct which justifies a determination that the attacker is a dangerous dog pursuant to Agriculture and Markets Law § 121.
We agree.
Section 121 of the Agriculture and Markets Law states that a dog is dangerous if it, inter alla, attacks a person or a domestic animal. For purposes of this statute, a dog is not considered a domestic animal (see, Agriculture and Markets Law § 108). The uncontroverted testimony adduced at the hearing clearly states that neither of defendant’s dogs attacked a person. Rather, any injuries sustained by the complainant were admittedly incurred in an attempt to hold on to her poodle’s leash, as Jasmine reacted in an aggressive manner toward the poodle. Moreover, there was no testimony that either dog had a history of violent behavior toward human beings.
Based on the facts contained within the record on appeal, we are of the opinion that the court below erred in ordering the destruction of the animals.
Coixins, J. P., Ingrassia and Luciano, JJ., concur.