■ In the Matter of DOMINICK MOTTA, Respondent, v DENISE MENENDEZ, Appellant. [847 NYS2d 612]—

In a special proceeding pursuant to Agriculture and Markets Law § 121, Denise Menendez appeals, by permission, from so much of an order of the Appellate Term of the Supreme Court for the Ninth and Tenth Judicial Districts dated January 31, 2007, as, upon reargument, affirmed that portion of an order of the District Court, Suffolk County (Fitzgibbon, J.), dated February 10, 2004, which, after a hearing, determined that the pit bull terrier named "Duke" was a dangerous dog and directed that it be destroyed.

Ordered that the order dated January 31, 2007 is modified, on the law, by deleting the provision thereof affirming the order dated February 10, 2004, and substituting therefor a provision modifying the order dated February 10, 2004, by deleting the provision thereof directing the destruction of the pit bull terrier named "Duke," and substituting therefor a provision directing permanent, secure confinement of the pit bull terrier named "Duke" in accordance with the requirements for confining the appellant's other pit bull terrier, as set forth in the order dated February 10, 2004; as so modified, the order dated January 31, 2007, is affirmed insofar as appealed from, without costs or disbursements.

This special proceeding was commenced following an incident that occurred on December 13, 2003, in which the appellant's two pit bull terriers entered the petitioner's property, and the terrier named "Duke" (hereinafter Duke) attacked and injured the petitioner's pet dog. The appellant's other pit bull terrier remained to the side and did not exhibit any aggressive behavior. This incident followed an order dated November 12, 2003, in which, after a hearing, the appellant's dogs had been declared dangerous and the appellant had been directed to confine them, either indoors or in a secure outdoor pen. Following a hearing on February 3, 2004, the District Court determined that both of the appellant's dogs were dangerous, directed the destruction of Duke, and further directed the permanent, secure confinement of the appellant's other dog. The Appellate Term affirmed the order.

On appeal, the appellant contends, inter alia, that the determination to destroy Duke is not supported by the record and that the Agriculture and Markets Law in effect at the time of the incident did not provide that a dog-on-dog attack was conduct subject to the penalty of destruction. We agree.

The dangerous dog statute in effect on December 13, 2003 did not provide that one dog attacking another was conduct subject

to the penalty of destruction (*see* Agriculture and Markets Law former §§ 108, 121; *People v Noga,* 168 Misc 2d 131 [1996]). Moreover, there was no testimony adduced at either of the hearings to demonstrate that Duke ever attacked or threatened to attack any person. Based on the facts contained in the entire record on appeal, the court erred in directing the destruction of Duke (*see People v Butler,* 3 Misc 3d 135[A], 2004 NY Slip Op 50476[U] [2004]). However, the incidents at issue were sufficient to warrant the permanent, secure confinement of Duke in accordance herewith.

The appellant's remaining contentions either are without merit or have been rendered academic in light of our determination. Schmidt, J.P., Rivera, Santucci and Balkin, JJ., concur.